## H. C. FERGUSON v. J. T. HALSELL.

1. POWER OF COUNTY COURT TO SELL LAND—STATUTE.—Paschal's Dig., art. 1052, provides : "The County Court may, by an order to be entered on the minutes of the said court, appoint a commissioner to sell and dispose of any real estate of the county at public auction." &c. Although this statute is permissive in its terms, yet it is the only mode expressly pointed out in the general laws of the State by which the County Court can divest the county of its title to real estate.

2. SAME.—The County Court being the agent of the county, must conform to the mode prescribed for its action in the exercise of the powers confided to it.

3. SAME—SALE BY COUNTY COURT HELD ILLEGAL.—Therefore a sale of real estate made otherwise, would confer no title. A deed executed to a party to satisfy a claim against the county, by the district clerk, by order of the County Court, would not pass title to such land.

APPEAL from Wise. Tried below before the Hon. C. C. Binckley.

H. C. Ferguson brought an action in trespass to try title for one town lot, in the town of Decatur, against Halsell. The petition set up the chain of title under which plaintiff claimed, and showed that he claimed under a deed made under an order of the County Court of Wise county, of date 27th November, 1871, directing the district clerk of said county to make a deed for the lot to plaintiff, to satisfy his claim for $75 owing him by the county for services as county attorney, and allowed by the County Court.

The defendant demurred. The demurrer was sustained, and the plaintiff appealed.

*J. A. Carroll,* for appellant.

*W. B. Brack,* for appellee.

ROBERTS, CHIEF JUSTICE.—There is but one question in this case, and that is, whether or not the plaintiff below has a good and valid title to the lot for which he has sued, by virtue of a deed executed to him under the following order of the County Court of the county of Wise, to wit:

"POLICE COURT, NOVEMBER TERM, 1871,

*November* 27, 1871.

"It is hereby ordered by the court, that the district clerk, G. Salmon, be authorized to make a deed to H. C. Ferguson, for lot No. 4, in block No. 5, in the town of Decatur, for $75, currency, in full payment for his services that are due him as county attorney, and heretofore allowed by the County Court."

It is contended that such a title is defective and void, inasmuch as it is a private sale to him directly by the County Court, and not a sale at public auction, by a commissioner appointed for that purpose by the County Court, as required by the general statute regulating the sale of the real estate of the county. It is provided in the statute that "the County Court may, by an order to be entered in the minutes of said court, appoint a commissioner to sell and dispose of any real estate of the county at public auction; and the deed of said commissioner, made in conformity to the order of said court, under his proper hand and seal, for and in behalf of the county, duly acknowledged and proven and recorded, shall be sufficient, to all intents and purposes, to convey to the purchasers all the right, title, and interest, and estate whatever, which the county may have in and to the premises to be conveyed." (Paschal's Dig., art. 1052.) Although this statute is permissive in its terms, yet it is the only mode expressly pointed out in the general laws of the State by which the County Court can divest the county of its title to its real estate. No special law, as applicable to this particular case, has been

referred to. The general doctrine is, that as the County Court is the agent of the county, in its corporate capacity, it must conform to the mode prescribed for its action in the exercise of the powers confided to it. The prescribing of a mode of exercising a power by such subordinate agencies of the Government has often been held to be a restriction to that mode.

The following authorities may be referred to in support of the views here presented:

A corporation must act in the mode provided for it. (2 Cranch, 150; 3 Wheat., 64; 20 Cal., 96.)

A city corporation, with power to let out work upon notice, must give the notice; otherwise, the tax to pay for it cannot be collected. (18 Wis., 92.)

Municipal corporations are but agents, and persons dealing with them must know their powers. (20 Md., 1.)

Contracts with corporations should be made in the mode pointed out in the charter. (Dill. on Munic. Corp., 387.) Otherwise they will not be binding. (Ang. & Ames on Corp., 9th ed., 253.)

These general authorities will suffice to show that appellant's title was not well founded, and that the court did not err in sustaining exceptions to the petition setting it up.

JUDGMENT AFFIRMED.