

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. F. Campbell
County Attorney
Fisher County
Roby, Texas

Dear Sir:

Opinion No. O-3157
Re: Disposal of right-of-way
purchased in the name of
the county judge and his
successor in office not
used for Highway purposes.

We received your letter dated February 12, 1941,
which reads, in part, as follows:

"In 1931, or maybe in 1930, Fisher County
voted Bonds to Build Highway.

"In 1931, after the State Highway Commis-
sion had surveyed and designated Plans and
specifications for Highway 70, in Fisher County,
that portion of Highway seventy hereinafter
considered leading from Roby the County Seat
to the Town of Rotan in Fisher County, the
Commissioners under instructions proceeded to
get the Right-of-Way, for the State Highway
Commission of Texas.

"By deed dated May 14th, 1931, recorded
in Vol. 90 on page 545 of the Records of Fisher
County, a deed was made to 3.26 acres of land,
through the Farm of W. S. Cleveland. This deed
was made to the County Judge and his successors
in office, for a cash consideration of $700.00.

"Now after this deed was made along with
several other Deeds to land for this Right-of-
Way, the State Highway Commission changed its

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Plans and abandoned the Right-of-Way above mentioned.

"Now since that time this land has not been used by the County, State or Public for any purpose, but was wholly abandoned.

"Now while this Deed was made to the County Judge of Fisher County and his successors in office, it was procured at the special instance and direction of the State Highway Commission for State Highway No. 70.

"Now the man W. S. Cleveland who sold this tract of land to Fisher County, has made a contract to sell the tract of land of which this 3.26 acres is a part, but he of course cannot make title to the land until the Road matter is cleared up."

Based upon the above facts you ask our opinion as who has title and control of this property.

We quote from the deed conveying this land to the county as follows:

"Date of Instrument: May 14th, 1931.
Filed for Record: May 14th, 1931 at 4:30 P.M.
Recorded in Volume 90 page 545 Deed Records, Fisher County, Texas

"THE STATE OF TEXAS       )

COUNTY OF FISHER          ) KNOW ALL MEN BY THESE PRESENTS:

"That we, W. S. Cleveland, and wife, Donie Cleveland, of the County of Fisher, State of Texas, for and in consideration of the sum of seven hundred and no/100 ($700.00) Dollars to us paid and secured to be paid by Fisher County, Texas, as follows: Said consideration being paid in cash, the receipt of which is hereby acknowledged and confessed.

Honorable E. F. Campbell, Page 3

"Have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said County Judge of Fisher County, Texas, and his successors in office, of the County of Fisher, State of Texas, all that certain lot, tract or parcel of land lying and being situated in Fisher County, Texas, to be used for re-location and construction of Highway No. 70 in Fisher County, Texas. . . ."

We wish to thank you for submitting a memorandum brief on this question. We have carefully examined the statutes quoted therein as well as other pertinent provisions in Title 110 of the Revised Civil Statutes as amended.

The legal title to the land in question appears to be vested in the County Judge of Fisher County and his successors in office. In this connection we quote from Article 578, R.C.S., as follows:

"All deeds, grants and conveyances heretofore or hereafter made and duly acknowledged, or proven, and recorded as other deeds of conveyance, to any county, or to the courts or commissioners of any county, or any other person or persons, by whatever form of conveyance, for the use and benefit of any county, shall be good and valid to vest in such county in fee simple or otherwise all such right, title, interest and estate as the grantor in any such instrument had at the time of the execution thereof in the lands conveyed and was intended thereby to be conveyed."

Article 1577, R.C.S. reads as follows:

"The commissioners court may, by an order to be entered on its minutes, appoint a commissioner to sell and dispose of any real estate of the county at public auction. The deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded shall be sufficient to convey to the purchasers all the right, title, and interest and estate which the county may have in and to the premises to be

Honorable E. F. Campbell, Page 4

conveyed. Nothing contained in this article shall authorize any commissioners court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law."

In this connection, we quote from the case of Llano County v. Knowles, et al., 29 S.W. 549, as follows:

". . . The county cannot divest itself of title to land except in the method prescribed by the Statute. Ferguson v. Halsell, 47 Tex. 421. It cannot donate any real estate of the county to any person for any purpose. The language of Chief Justice Fisher, speaking for this court, in the case of Llano Co. v. Johnson (decided Jan. 16, 1895) 29 S.W. 56, is peculiarly applicable to the facts of the case at bar, and we quote the same as decisive of the question before us: 'The commissioners' court of the county occupy towards it property only a trust relation, and they can only dispose of its property in the manner required by law, and for purposes that are in keeping with the trust they represent. They have no right to donate the county property, or dispose of it, so as to virtually amount to a donation. It is a trust estate, and the principles of equity will not permit them to be liberal and generous with property they do not own, and which they hold in trust for public purposes.' . . ."

It is our opinion that only Fisher County may dispose of the property in question. Further, said property can be disposed of only in conformity with Article 1577, supra.

Yours very truly

APPROVED JUL 18, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By Lee Shoptaw

Lee Shoptaw
Assistant

LS:eaw


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN