

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~JOHN OXXXSXXX~~RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Attention: Mr. S. Benton Davies

Dear Sir:

Opinion No. O-5420
Re: Does the Juvenile Board or the
County Judge of Bexar County
have the authority to appoint
non-salaried juvenile officers,
possessing powers of a peace
officer, in addition to the
number of salaried juvenile
officers and assistants as now
authorized by law?

Your letter of June 17, 1943, requesting the opinion of this department on the above stated question reads as follows:

"We enclose herein a copy of a letter which we received from Judge S. G. Tayloe, Chairman of the Juvenile Board of Bexar County, Texas, requesting that we obtain from your office an opinion as to whether or not the Juvenile Board or the County Judge of Bexar County has authority to appoint non-salaried juvenile officers, possessing powers of a peace officer, in addition to the number of salaried juvenile officers and assistants as now authorized by law.

"Bexar County's Juvenile office is now covered by the provisions of Article 5142, as amended by the Acts of the 45th Legislature of 1937. Article 5142 of the R.C.S., as originally enacted, expressly provided for the appointment of any number of non-salaried juvenile officers for any county coming within the population bracket in which Bexar County is included, but in Article 5142, as amended, such provision is not expressly provided.

"You will find, we believe however, that these non-salaried officers are provided for in such amendment by implication and if we apply the rules of statutory construction as laid down in Spence v. Fenchler, 180 S.W. 597 and Moon v. Allred, 277 S.W. 787, which hold, "that which is implied in a statute is as much a part thereof as that which is expressly given", we could safely say that under the conditions as set out in Judge Tayloe's letter, the proper authorities would have the power to make the appointments contemplated by the Juvenile Board.

"The fact that the juvenile situation in Bexar County is in a deplorable condition at this time, impels us to urgently request that you give this matter as speedy attention as is possible commensurate with sound interpretation."

Article 5142, Vernon's Annotated Civil Statutes, provides in part:

"There may be appointed, in the manner hereinafter provided, discreet persons of good moral character to serve as juvenile officers for periods not to exceed two (2) years from date of appointment.

"Such officers shall have authority and it shall be their duty to make investigations of all cases referred to them as such by such Board; to be present in Court and to represent the interest of the juvenile when the case is heard, and to furnish to the Court and such Board any information and assistance as such Board may require, and to take charge of any child before and after the trial and to perform such other services for the child as may be required by the Court or said Board, and such juvenile officers shall be vested with all the power and authority of police officers or sheriffs incident to their offices.

"The Clerk of the Court shall, when practicable, notify such juvenile officer when any juvenile is to be brought before the Court. It shall be the duty of such juvenile officer to make investigation of any such case, to be present in Court to represent the interest of the juvenile when the case if tried; to furnish to such Court such information and

assistance as the Court may require and to take
charge of any juvenile before and after trial
as the Court may direct. ...

"Provided that in counties having a population
of one hundred and fifty thousand (150,000) or more,
and containing a city of one hundred thousand
(100,000) or more, the County Judge may appoint a
juvenile officer, subject to the approval of the
County Juvenile Board, to serve for a period not
to exceed two (2) years from the date of appoint-
ment, and whose extra duties shall be to make in-
vestigations for the Commissioners Court on appli-
cations for charity, or admittance into detention
homes or orphan homes created by such counties.
The salary of such juvenile officer shall not ex-
ceed Three Hundred Dollard ($300) per month, his
allowance for expenses not exceed Two Hundred
Dollars ($200) a year. Such juvenile officer may
select assistant juvenile officers, subject to
the approval of the County Judge and the County
Juvenile Board, the number of such assistant
juvenile officers not to exceed one assistant to
each twenty-five thousand (25,000) population. The
salaries of such assistant juvenile officers shall
be the same as that fixed by the General law in Art.
3902 , of the Revised Civil Statutes of Texas, 1925,
for assistants to other county officials. Such
assistant juvenile officers may be allowed expenses
not to exceed Two Hundred Dollars ($200) per year each.

"In the appointment of all juvenile officers,
the County Judge and the County Juvenile Board may
select for such office any school attendance offi-
cer or officers of the county, or of school dis-
tricts in the county, that may be authorized by
law, and the salary and expense of such joint
juvenile officer or officers and attendance officers
shall be paid jointly by the county and school
authorities upon any basis of division they may
agree upon.

"Salaries of paid juvenile officers and their
assistants shall be fixed by the Commissioners
Court, not to exceed the sums herein mentioned,
and any bill for the expenses not exceeding the
sums herein provided for, shall be certified by
the County Judge as being necessary in the per-

formance of the duties of a juvenile officer.
The Commissioners Court of the county shall pro-
vide the necessary funds for the payment of sal-
aries and expenses of the juvenile officers pro-
vided for in this Act. The appointment of said
juvenile officers shall be filed in the office of
the Clerk of the County Court. Juvenile officers
shall take oath to perform their duties and file
such oath in the officer of the County Clerk. As
a basis for reckoning the population of any county
the preceding Federal Census shall be used.

"Provided that any juvenile officer appointed
under the provisions of this Act may be removed
from office by the power appointing him, at any
time.

It will be noted that the foregoing article ex-
pressly provides, "As a basis for reckoning the population
of any county the preceding Federal Census shall be used."
Bexar County has a population of 338,176 inhabitants accord-
ing to the 1940 Federal Census.

Bexar County has a population of more than 150,000
inhabitants and a city of more than 100,000 inhabitants.
Article 5142, Vernon's Annotated Civil Statutes, expressly
provides that in counties having a population of 150,000 or
more and containing a city of 100,000 or more inhabitants,
the County Judge may appoint a juvenile officer subject to
the approval of the County Juvenile Board to serve for a
period not exceeding two years from the date of appointment.
However, such juvenile officer selected by the County Judge
subject to the approval of the County Juvenile Board, may
select assistant juvenile officers, subject to the approval
of the County Judge and the County Juvenile Board, provided
such assistant juvenile officers do not exceed in number one
assistant to each 25,000 population. The statute allows cer-
tain compensation as therein mentioned to be paid to the
juvenile officer and the assistant juvenile officers.

It is a well established principle of law in this
State that a statute giving authority to do a particular
thing, and prescribing the mode of doing it, is mandatory
in the sense that all other modes are excluded. (Weaver v.
Robinson, 268 S.W. 133; Ferguson v. Halfell, 47 Tex. 421;
Ellis v. Holcombe, 69 S.W. (2d) 449).

It is our opinion that a juvenile officer and
assistant juvenile officers for Bexar County can be appointed

Honorable John R. Shook, Page 5, O-5420

only in the manner as authorized by Article 5142, and that
the number of assistant juvenile officers which may be
appointed cannot exceed one assistant for each twenty-five
thousand (25,000) population.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By   Ardell Williams
      Assistant

AW:mp/cg

Approved July 7, 1943

s/ Gerald C. Mann

Attorney General of Texas

Approved Opinion Committee
By BWB, Chairman