

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 13, 1948

Hon. Howard Traweek
County Attorney
Motley County
Matador, Texas

Opinion No. V-717

Re: The validity of the described sale of County land under a Commissioners' Court order which reserved the right in the Court to reject any and all bids.

Dear Sir:

Your request for an opinion on the above subject reads, in part, as follows:

"Attached hereto you will please find copies of Order No. 1434, entered by the Commissioners Court of Motley County on August 25, 1948, and Order No. 1440, entered by the Commissioners Court of Motley County on October 8, 1948.

"As will be noted from the contents of Order No. 1434, it was entered appointing a commissioner to sell certain lands belonging to Motley County, the sale to be made at public auction and on terms provided by the court in the order. You will also note that in the order the Commissioners Court reserved the right to reject all bids on said lands, this being done, through a desire to protect the county's interests in obtaining an adequate price for the land.

"Thereafter the sale was publicized in the local newspaper and by the distribution of hand bills throughout the county. The sale was held on the date and at the time designated in the order of sale and a number of prospective buyers attended and bid on the land. The members of the Commissioners Court had convened in a called session immediately prior to the sale and had agreed among themselves as to the lowest price that

they deemed acceptable to them for the sale
of this land.   All members were present at
the sale and when the high bid of $70.00
per acre was received and all other bidders
had withdrawn from the bidding the members
of the Commissioners Court notified the com-
missioner that the bid of $70.00 was accept-
able to them and the land was knocked off to
this high bidder.   Immediately after this
sale the members of the court convened in
the Commissioners court room and entered Or-
der No. 1440 and accepted the purchaser's
check in the amount of $9,306.50 as the
down payment on said land, and the commis-
sioner entered into a written contract of
sale with the purchaser, the sale being ac-
cording to the terms set out in Order No.
1434.

"The opinion of your department is de-
sired on the question of the validity of this
sale under Order No. 1434 by the Commission-
ers Court of Motley County.   Does the fact
that the Commissioners Court by its order re-
serving the right to reject all bids have the
effect of invalidating or voiding the sale
by the commissioner?   That is, was Order No.
1434 void under the provisions of Article
No. 1577?   If so, what effect, if any would
Order No. 1440 accepting the bid, and the
acceptance of the purchaser's down payment
of $9,305.50, have in validating the sale by
ratification?"

The orders of the Commissioners' Court of Mot-
ley County of August 25, 1948 which you attached to your
letter provide:

### "ORDER NO. 1434

"Motion made by J. N. Fletcher, second-
ed by L. N. Standefer, and passed by unani-
mous vote of the court, all members being
present, that H. H. Courtney be appointed
commissioner to hold a public auction sale
at the court house door in Matador, Texas, on
October 8, 1948, between the hours of 2:00
P. M. and 4:00 o'clock P. M. for the purpose

of selling to the highest bidder the county
farm now owned by Motley county, and describ-
ed by metes and bounds as follows: . . ."

(The land is then described. Since no ques-
tion is raised as to the sufficiency of the
description, that portion of the order is
omitted)

"The sale of said land to be made sub-
ject to the following terms and conditions:
The Commissioners Court of Motley County re-
serves the right to reject any and all bids;
. . .

"The Commissioner shall be authorized
to execute a general warrant deed and any
other instruments necessary to convey fee
simple title to said lands, which said deed
and instrument are to be executed by said
commissioner after the acceptance of the
highest bid by the Commissioners' Court."

### "ORDER NO. 1440

"Motion was made by J. N. Fletcher, and
seconded by M. H. Leary, that the bid of
R. E. Campbell in the amount of $70.00 per
acre, making a total of $18,613.00 on the
county farm, consisting of 265.9 acres, be
accepted, said bid being the highest bid
made this date at the public auction of said
lands held by H. H. Courtney, commissioner
for Motley County. Motion carried by unani-
mous vote, all members of the court being
present.

"It is therefore ordered by the Commis-
sioners Court of Motley County, Texas, that
the bid of R. E. Campbell, in the amount of
$18,613.00 on the county farm lands and made
this date, the 8th day of October, 1948, at
public auction held by H. H. Courtney as com-
missioner for Motley County, be accepted, and
the sale by said commissioner is hereby rati-
fied and confirmed, said lands being describ-
ed as follows:

"(Description of land as in Order No. 1434)."

Article 1577, Vernon's Civil Statutes, authorizing the sale of any real estate of a county provides as follows:

"The commissioners court may, by an order to be entered on its minutes, appoint a commissioner to sell and dispose of any real estate of the county at public auction. The deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded shall be sufficient to convey to the purchasers all the right, title and interest and estate which the county may have in and to the premises to be conveyed. Nothing contained in this article shall authorize any commissioners court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law."

It seems well settled in this State that the sale of county owned land must be at public auction and in the manner set out in Art. 1577, V. C. S.  See the following authorities:

Ferguson v. Halsell, 47 Tex. 421
Llane County v. Johnson, 29 S. W. 56
Llano County v. Knowles, 29 S. W. 549
Hardin County v. Nona Mills Co., 112
  S. W. 822
Spencer v. Levy, 173 S. W. 550

This does not mean, however, that the commissioners are without authority to confirm or reject a sale made at public auction for as pointed out in Attorney General's Opinion No. 2849, dated April 29, 1931, the Commissioners' Court still retains general control over the sales including the power to reject any sale made by the appointed commissioner at auction and the prospective purchasers should be put on notice that all bids are subject to the approval of the Commissioners' Court. We quote the following from Attorney General's Opinion No. 2849:

"The appointment of a commissioner to hold the sale does not mean that all the powers of the commissioners' court with reference to sales of real estate are thereby delegated to the special commissioner. The court still retains general control, including the power to confirm or reject any sale made by the commissioner at auction. Its action should be evidenced by an order entered in the minutes of the court. The action of the court in this respect is analogous to the control which a probate court retains over administrator's sales. There is a discretion regarding sale of county lands vested in the commissioners' court by the Constitution and laws of the State, no part of which can be delegated. Logan vs. Stephens County, 98 Texas 283. *For this reason the purchasers should be put on notice, by a statement to that effect in the notice of sale, that all bids are subject to approval by the commissioners' court.* (Emphasis added)

According to the facts submitted by you the sale _was_ made at public auction by a commissioner appointed under the provisions of Article 1577, V. C. S., and the highest bid was approved by the Commissioners' Court. In view of the foregoing authorities, it is our opinion that the two orders of the Commissioners' Court, copies of which you enclosed, are valid.

This opinion is limited to the question of the authority of the Commissioners' Court to reserve the right to approve or reject any and all bids submitted at a sale of county owned land at public auction in the mode set out in Article 1577, V. C. S.

### SUMMARY

Sale of county land must be made at public auction in the mode set out in Article 1577, V. C. S. The Commissioners' Court in its order appointing a commissioner to sell the land at public auction may provide that all bids are subject to the approval of the

Commissioners' Court.  Ferguson v. Halsell,
47 Tex. 421; Attorney General's Opinion No.
2849, dated April 29, 1931.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:mw:wb

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL