

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 16, 1952

Hon. Hal H. Bookout       Opinion No.  V-1457
County Attorney
Navarro County            Re:  Authority of the Commis-
Corsicana, Texas               sioners' Court to lease
                               or sell a hospital build-
                               ing to a non-profit pri-
                               vate organization for
                               operation as an old folks'
Dear Sir:                      home.

          You have requested an opinion of this of-
fice in which you submit the following facts:

          "The Navarro County Memorial Hospital
    is under construction and will be ready for
    use as a County Hospital in July, 1952.
    When the new hospital is completed and is
    occupied, Navarro County will no longer have
    need for the old Physicians' & Surgeons'
    Hospital building and premises.

          "The old P & S Hospital has been
    operated as a county institution and as
    a hospital for about thirty years.  The
    building is old and in much need of repairs.
    Navarro County has no need for this build-
    ing and premises in that all equipment and
    furnishings now in the old hospital build-
    ing will be moved to the new hospital, and
    the old hospital will be entirely abandoned.

          "The Commissioners' Court appointed a
    committee of respectable citizens to inves-
    tigate the need for a home for the needy,
    aged and senile, and the suitability of the
    P & S Hospital property for such purposes.
    The committee, after a thorough investiga-
    tion, reported that there existed in this
    county a great need for such an institution
    and recommended the use of the old hospital
    property for such purposes.

          "The county, because of limited

finances, cannot operate such an old folks' home, and further, county operation would result in the loss of Old Age Assistance checks to those who might desire to take advantage of such a rest home.

"A group of responsible interested citizens met and decided to ask the county to sell at a nominal figure or to lease for a small monthly rental the old hospital premises, the deed or lease to be made to Trustees of the Navarro County Old Folks' Home, a non-profitable organization to be organized and to be governed by Trustees. The control of the home will be vested in citizens chosen from the county at large, and these Trustees may be appointed by the Commissioners' Court if so desired. The institution will be operated and maintained at no expense to the county and as a non-profit organization.

"The old folks who will live in the home will pay a nominal sum for their accomodations when they are financially able to do so, but none will be refused admission solely because of lack of funds.

"Either a long term lease or a purchase at private sale at a reasonable sum will be acceptable to those who are willing to underwrite the project. If a lease is made, a clause authorizing the Commissioners' Court to terminate the lease if the home is not operated fairly and in compliance with its requirements will be acceptable."

Then you ask:

"1. Whether or not the Commissioners Court is empowered to call an election, to ascertain whether or not the people of Navarro County desire the old hospital building to be used and operated privately as an old folks' home.

"2.  Whether or not the Commissioners
Court of Navarro County can lease the hos-
pital properties for a nominal considera-
tion and restrict the use to an old folks'
home to be operated privately on a profit
or non-profit basis.

"3.  Can property, under Art. 1577,
be sold with restrictions or stipulations
in the order of sale that the property be
used after the sale for only philanthropic
purposes."

The decisions of the Texas courts have re-
peatedly held that the commissioners' court is a
court of limited jurisdiction and has only such pow-
ers as are conferred upon it by the statutes and
Constitution of this State, either by express terms
or by necessary implication.  Childress County v.
State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Von Rosen-
berg v. Lovett, 173 S.W. 508 (Tex. Civ. App. 1915,
error ref.); Roper v. Hall, 280 S.W. 289 (Tex. Civ.
App. 1925).

We know of no statute authorizing a county
to call an election for such a purpose.  Neither is
there a law which authorizes a county to lease its
hospital building that is no longer used as a hospital.
Although Section 2 of Article 1577, V.C.S., authorizes
certain counties to lease their property, it has no ap-
plication to Navarro County because of the population
brackets fixed therein.  In Attorney General's Opinion
V-1085 (1950), it was held that a county which did not
come within Section 2 of Article 1577 had no authority
to lease its property.  Therefore, both of your first
two questions are answered in the negative.

Article 1577, V.C.S., provides in part:

"Section 1.  The Commissioners Court
may, by an order to be entered on its minutes,
appoint a commissioner to sell and dispose
of any real estate of the county at public
auction.  The deed of such commissioner,
made in conformity to such order for and
in behalf of the county, duly acknowledged
and proven and recorded shall be sufficient
to convey to the purchasers all the right,
title, and interest and estate which the

county may have in and to the premises to
be conveyed. Nothing contained in this
article shall authorize any Commissioners
Court to dispose of any lands given, do-
nated or granted to such county for the
purpose of education in any other manner
than shall be directed by law."

The above statute does not authorize a
private sale of property by a county, but requires
that it be made at public auction. Ferguson v. Hal-
sell, 47 Tex. 421 (1877). Moreover, in Llano County
v. Johnson, 29 S.W. 56 (Tex. Civ. App. 1895), it is
stated:

"It is next contended that the order
of the commissioners' court of Llano county,
authorizing the land to be sold, and the sale
thereof to Johnson, was unauthorized, because
it was virtually a donation and disposition of
the lands of the county for purposes not au-
thorized by law; and that the order requiring
the purchaser to erect suitable buildings
thereon, and to use the same for 10 years
for educational purposes, was imposing and
attaching to the purchase of the property
illegal conditions, which were calculated
to deter bidders, and to defeat the policy of
the law requiring counties to only dispose
of their real estate at public auction to
the highest and best bidder therefor. . . .
The commissioners' court of the county oc-
cupy towards its property a trust relation,
and they can only dispose of its property
in the manner required by law, and for pur-
poses that are in keeping with the trust they
represent. They have no right to donate the
county property or dispose of it so as to
virtually amount to a donation. It is a
trust estate, and principles of equity will
not permit them to be liberal and generous
with property they do not own, and which
they hold in trust for public purposes. The
order of the court in question, and the deed
executed to Johnson, show that the property
was sold for a nominal sum, and that it was,
in effect, donated to the purchaser for edu-
cational purposes. This was clearly unau-
thorized. The property, so the deed recites,

was sold under the semblance of a public
sale, to the highest bidder; but, being
sold under the order set out, that required
it to be sold and used for educational pur-
poses, was well calculated to deter and hinder
a sale of the property for a fair price; and
the conclusion is irresistible that the con-
sideration for the sale was not the nominal
sum mentioned in the deed, but was the use
of the property for educational purposes.
. . ."

In view of the foregoing, it is our opin-
ion that the county cannot sell property with the
restriction that it be used only for philanthropic
purposes.

If sale at public auction without restric-
tions will not accomplish the purpose desired by the
county, it is suggested that this matter be called to
the attention of the Legislature to the end that ap-
propriate legislation may be enacted authorizing the
leasing of the property in question.

## SUMMARY

There is no law authorizing a county
to call an election to determine if a county-
owned building formerly used as a hospital
should be leased.  Neither is there a law
which authorizes Navarro County to lease
such building.  Section 1 of Article 1577,
V.C.S., requires that county real estate
which is to be disposed of must be sold at
public auction and without restrictions.
Ferguson v. Halsell, 47 Tex. 421 (1877);
Llano County v. Johnson, 29 S.W. 56 (Tex.
Civ. App. 1895).  An act of the Legislature
would be required in order to authorize the
leasing of the property in question.

APPROVED:

J. C. Davis, Jr.

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:mh

Yours very truly,

PRICE DANIEL
Attorney General

By _Bruce Allen_
Assistant