

# The Attorney General of Texas

JIM MATTOX
Attorney General

July 22, 1985

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William A. Ewert, Jr.
Kleberg County Attorney
P. O. Box 1411
Kingsville, Texas    78363

Opinion No.    JM-335

Re: Whether a county must comply with the public auction require- ments of article 44941, V.T.C.S., in order to sell a county hos- pital in accordance with articles 44941 and 4437e-2, V.T.C.S.

Dear Mr. Ewert:

You have inquired about the procedures Kleberg County must follow in selling its county hospital. You have explained that Kleberg County has complied with the provisions of a statute that authorizes a county to sell a hospital after notice by publication, a public hearing and, in this instance, a referendum election approving the sale. V.T.C.S. art. 44941. The proposed sale you have described also comes within the scope of a statute that authorizes an issuer of hospital revenue bonds to sell a "hospital project" to a non-profit corporation. V.T.C.S. art. 4437e-2, §5. Your question is whether Kleberg County must also comply with article 1577, V.T.C.S., which authorizes counties to sell real estate by public auction.

In our opinion article 1577 is inapplicable when a county sells a hospital pursuant to article 44941 or article 4437e-2. Because Kleberg County has fulfilled the requirements of both article 44941 and article 4437e-2, we do not consider whether a county must comply with article 44941 when it sells a hospital pursuant to article 4437e-2.

The source of your concern is the statement in several Texas cases that a county must comply with article 1577 in order to sell real estate. See, e.g., Ferguson v. Halsell, 47 Tex. 421, 422 (1877); Hardin County v. Nona Mills Co., 112 S.W. 822 (Tex. Civ. App. 1908, no writ). Such statements must be read in their historical context. The legal basis for any action by a county must be found in the Texas Constitution or statutes. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). A conveyance of land by a county is void if it is not done in a manner prescribed by statute. Wilson v. City of Calhoun, 489 S.W.2d 393, 397 (Tex. Civ. App. - Corpus Christi 1972, writ ref'd n.r.e.). Article 1577 states that counties may sell real estate in accordance with its provisions. Absent other authority for selling real estate, however, a county must sell real estate in accordance with article 1577 or not at all. 15 Tex. Jur. 2d Counties §88.

Clearly, when counties sell real estate by other means authorized by the constitution or statutes, compliance with article 1577 is not mandatory. See Ferguson v. Halsell, 47 Tex. at 422 (1877).

Also, both article 44941 and 4437e-2 authorize something more than the sale of real estate. Both statutes clearly permit and perhaps anticipate the sale of a hospital as a going concern. Such a sale would include not only real property but also tangible and intangible personalty. Consequently, article 1577 alone would not be sufficient to authorize the sale of a functioning hospital. Indeed, in 1969 this office considered whether Wharton County had the authority to sell its county hospital. At that time article 1577 authorized counties to sell real estate at public auction, but no statute applicable to Wharton County specifically authorized a county to sell its county hospital. Finding no authority for the sale, this office concluded that Wharton County had no authority to do so. Attorney General Opinion M-448 (1969). See also Attorney General Opinion H-668 (1975). Similarly, in response to questions regarding the lease of a county hospital, this office has consistently looked to statutes dealing specifically with the lease of county hospitals, not to article 1577, which also gives counties authority to lease real estate. Attorney General Opinions H-777 (1976); H-16 (1973). Implicit in those opinions is the conclusion that article 1577 does not authorize the lease of a county hospital in the absence of specific statutory authority for such a lease. It would be non-sensical to conclude that even though article 1577 does not authorize the sale or lease of a county hospital, its provisions are mandatory when a county hospital is sold or leased pursuant to another statute.

The establishment and maintenance of hospitals is an important and unique county function. Consequently, the legislature has enacted a wide range of statutes governing county hospitals. See, e.g., V.T.C.S. arts. 4478 through 4494r-4; V.T.C.S. arts. 4437 through 4437d. In our opinion a statute that specifically refers to a county's power with regard to a county hospital applies to the exclusion of a relevant statute that deals with a county's powers generally. See State v. Jones, 570 S.W.2d 122 (Tex. Civ. App. - Austin 1978, no writ).

## S U M M A R Y

A county is not required to comply with the public auction requirements of article 1577, V.T.C.S., when it sells a hospital pursuant to article 44941 or article 4437e-2, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk